WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Gulbrandson,<br><br>　　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　Respondents. | No. CV-22-00276-PHX-DLR<br><br>**ORDER**<br><br>DEATH PENALTY CASE |

Petitioner David Gulbrandson, an Arizona death row inmate, has filed a petition for writ of habeas corpus. (Doc. 1.) The Court ordered Respondents to file a brief addressing Gulbrandson's argument that the petition, while second-in-time, is not a second or successive petition for purposes of 28 U.S.C. § 2244(b), which requires the Ninth Circuit's authorization for filing. (Doc. 3.) Respondents filed their brief and Gulbrandson filed a reply. (Docs. 6, 7.)

## BACKGROUND

In 1992 Gulbrandson was convicted of first-degree murder for the killing of his former girlfriend and business partner. The trial court sentenced him to death after finding the murder was committed "in an especially heinous, cruel or depraved manner," an aggravating factor under the former A.R.S. 13–751(F)(6). The Arizona Supreme Court affirmed. *See State v. Gulbrandson*, 184 Ariz. 46, 906 P.2d 579 (1995).

After unsuccessfully pursuing state post-conviction relief ("PCR"), Gulbrandson filed a petition for writ of habeas corpus in this Court (Case No. 98-cv-2024-PHX-SMM). The court denied relief. (*Id.*, Docs. 87, 88.)

While appealing that decision, Gulbrandson sought authorization from the Ninth Circuit to file a successive habeas petition, arguing that new neuropsychological evidence showed that he could not have known the point at which the victim was dead, as required for the "gratuitous violence" component of the (F)(6) factor. The Ninth Circuit denied Gulbrandson's request for leave to file a successive habeas petition. *Gulbrandson v. Ryan*, 738 F.3d 976, 996–97 (9th Cir. 2013).

Gulbrandson then brought a successive PCR petition in state court, claiming that there was insufficient evidence to support the (F)(6) aggravating factor. The PCR court denied the claim and dismissed the petition. (*See* Case No. 17-cv-1891-DLR, Doc. 1, App'x A at 4.) The Arizona Supreme Court denied review. (*See id.*, Doc. 6-1, Ex. B.) The United States Supreme Court denied Gulbrandson's petition for certiorari. (*Id.*, Ex. C).

Gulbrandson then filed a habeas petition in this Court. (*Id.*, Doc. 1.) He challenged the PCR court's denial of his successive petition, specifically its application of the (F)(6) aggravating factor. (*Id.*) This Court dismissed the petition, finding that it was second or successive, and therefore the Court lacked jurisdiction, and that the claim was non-cognizable because it alleged only an error of state law. (*Id.*, Doc. 10.) On appeal the Ninth Circuit found that the claim was successive and required authorization from the court of appeals, which the court denied. *Gulbrandson v. Ryan*, No. 18-15829 (9th Cir. 2018).

On February 22, 2022, Gulbrandson filed the pending petition for writ of habeas corpus. (Doc. 1.)

**DISCUSSION**

Gulbrandson raises one claim in his habeas petition: that his execution would violate the Double Jeopardy Clause of the Fifth Amendment. (Doc. 1 at 3.) He contends that he received alternative sentences—life in prison with the possibility of parole after 25 years,

and the death penalty—and having now served the former, his execution would constitute an impermissible "double punishment." (Doc. 1 at 3.)

Respondents contend that the petition is second or successive and the Court therefore lacks jurisdiction to consider it. (Doc. 6.) The Court agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes significant burdens on petitioners who try to raise new claims in "second or successive" habeas petitions. *See Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) (per curiam) (observing that 28 U.S.C. § 2244(b), as amended by AEDPA, established a stringent set of procedures a prisoner must follow before filing a second or successive federal habeas corpus petition challenging the same conviction). First, a district court must dismiss any claim presented in a second or successive habeas petition that was presented in a prior petition. 28 U.S.C. § 2244(b)(1). Second, a new claim not raised in a prior petition also must be dismissed unless (1) the claim rests on a new, retroactive rule of constitutional law or (2) the factual basis of the claim was not previously discoverable through due diligence and these new facts establish by clear and convincing evidence that no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the court of appeals is required before the successive petition may be pursued in a district court. 28 U.S.C. § 2244(b)(3) (A). These requirements are jurisdictional and cannot be waived. *Burton*, 549 U.S. at 157.

It is undisputed that the instant petition is a "second-in-time" petition, challenging the same conviction on which Gulbrandson previously sought federal habeas relief. It is also undisputed that Gulbrandson has neither sought nor obtained permission from the Ninth Circuit to file a second or successive petition. However, this does not end the inquiry.

The Supreme Court "has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application." *Panetti v. Quarterman*, 551 U.S. 930, 944, 947 (2007). *Panetti* held that competency-to-be-executed claims are exempt from AEDPA's limitation on second or successive petitions

because such claims generally are not ripe until after the time has run to file a first habeas petition. The Ninth Circuit has acknowledged that the reasoning of *Panetti* is not limited to competency-for-execution claims. In *United States v. Buenrostro*, the court observed that "[p]risoners may file second-in-time petitions based on events that do not occur until a first petition is concluded" if the claims raised therein "were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding." 638 F.3d 720, 725 (9th Cir. 2011) ("A prisoner whose conviction and sentence were tested long ago may still file petitions relating to denial of parole, revocation of a suspended sentence, and the like because such claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding."); *see also United States v. Lopez*, 577 F.3d 1053, 1063–64 (9th Cir. 2009).

In *Magwood v. Patterson*, 561 U.S. 320, 330 (2010), the Court addressed "when a claim should be deemed to arise in a second or successive habeas corpus application" under § 2244(b). Noting that "second or successive" is a term of art in the habeas context, the Court examined the phrase's statutory context and concluded that "second or successive" refers to the state court judgment being challenged. *Id.* at 332–33. The petitioner in *Magwood* had successfully obtained resentencing in a first habeas proceeding. *Id.* at 326. After he was re-sentenced and had exhausted his state court remedies, he filed a new federal habeas petition under § 2254 challenging his new sentence. *Id.* at 327–28. The Court held that Magwood's second-in-time petition challenged a new or intervening judgment for the first time and was therefore not a second or successive petition. *Id.* at 341–42.

Gulbrandson contends that his new habeas petition is not successive because his double jeopardy claim was not ripe until he had served more than 25 years in prison and Respondents had announced that, after a pause of several years, they intended to seek the execution of death row inmates who have exhausted their appeals, Gulbrandson among them. (Doc. 1 at 17.)

Gulbrandson's double jeopardy claim, however, is based on a false premise. He was not given alternative sentences. He was sentenced to death. *See Gulbrandson*, 184 Ariz. at

55–56, 906 P.2d at 588–89. His case is therefore distinguishable from *Ex Parte Lange*, 85 U.S. 163 (1873), upon which Gulbrandson relies. The defendant in *Lange* was convicted of stealing federal mail bags, a crime punishable by either a fine *or* a prison term. Lange, however, was both fined and sentenced to prison. The Supreme Court reversed, explaining that once Lange suffered one of the two alternative punishments permitted under the statute, "the power of the court to punish further was gone." *Id.* at 176.

The statute under which Gulbrandson was sentenced, former A.R.S. § 13-1105, authorized two punishments: death or life without the possibility of parole for 25 years. The trial court imposed only one of the possible sentences—death—not both sentences as in *Lange*. The Arizona Supreme Court affirmed. *Gulbrandson*, 184 Ariz. 46, 906 P.2d 579. Gulbrandson has not completed a sentence of life with the possibility of parole after 25 years because he never received a sentence of life without the possibility of parole after 25 years.

However, even if Gulbrandson had received alternative sentences, he is contesting the same judgment he challenged in his first petition. *See Magwood*, 561 U.S. at 338–39. There has been no intervening judgment. *Id.*; *see also Burton*, 549 U.S. at 156. A "double jeopardy claim . . . attacks [petitoner's] underlying conviction. Thus, it is a prime example of a 'second or successive' petition under § 2244(b)." *Hill v. State of Alaska*, 297 F.3d 895, 899 (9th Cir. 2002).

Gulbrandson's petition is second or successive under 28 U.S.C. § 2244(b). This Court does not have jurisdiction to hear it without authorization from the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A).

### **CERTICIATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district judge must either issue or deny a certificate of appealability when it enters a final order adverse to the applicant. If a certificate is issued, the court must state the specific issue or issues that satisfy 28 U.S.C. § 2253(c)(2). A certificate of appealability may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."

This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that reasonable jurists could not debate its conclusion that the pending habeas corpus petition is second or successive under 28 U.S.C. § 2244(b). Therefore, the Court declines to issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** dismissing Gulbrandson's petition for writ of habeas corpus (Doc. 1). The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** denying a certificate of appealability.

Dated this 12th day of April, 2022.

Douglas L. Rayes
United States District Judge