**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Gulbrandson, | No. CV-22-00276-PHX-DLR |
| Petitioner, | **ORDER** |
| v. | DEATH PENALTY CASE |
| David Shinn, et al., | |
| Respondents. | |

The Court dismissed Gulbrandson's most recent habeas petition as second or successive under 28 U.S.C. § 2244(b). (Docs. 8, 9.) Gulbrandson moves to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 10.) The motion will be denied.

**DISCUSSION**

A motion to alter or amend judgment under Rule 59(e) is in essence a motion for reconsideration. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Rishor v. Ferguson*, 822 F.3d 482, 491– 92 (9th Cir. 2016). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see also 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Reconsideration is appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed

clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988), nor is it the time to ask the court to "rethink what the court ha[s] already thought through," *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998). The fact that a petitioner disagrees with the court's conclusion is also an insufficient basis to seek reconsideration under Rule 59(e). *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (quotations omitted).

Gulbrandson does not cite new evidence or a change in law. Instead, he asks the Court to rethink what it has already thought through.

Gulbrandson raised one claim in his successive petition, alleging that his rights under the Double Jeopardy Clause were violated because "he was effectively sentenced to both life in prison and death. . . ." (Doc. 1 at 11.) Gulbrandson contends that in dismissing the petition the Court "misapprehended" his argument (Doc. 10 at 3), which the Court understands to be as follows. Upon his conviction for first-degree murder Gulbrandson was subject to one of two sentences: life without the possibility of parole for 25 years, or death. He was sentenced to death. According to Gulbrandson, because more than 25 years have passed, he has now served the sentence he did not receive so that carrying out the sentence he did receive would constitute double punishment. (*See id.* at 3–4.)

The Court need not consider whether that argument is pure sophistry because Gulbrandson has raised it in a second or successive petition without the required permission from the Ninth Circuit. Gulbrandson insists that he could not have raised the claim in his

initial petition because, like the competency-to-be-executed claim in *Panetti v. Quarterman*, 551 U.S. 930 (2007), it was not ripe. The Court disagrees.

Gulbrandson argues that imprisonment constitutes a second punishment, imposed by "a penal facility," over and above the death sentence imposed by the trial court. (Doc. 10 at 4.) The argument that imprisonment and death are separate punishments for double jeopardy purposes could have been raised in Gulbrandson's initial petition. The claim did not depend on the passage of a certain number of years or the completion of a life sentence which was not imposed.

Gulbrandson's petition is second or successive because it challenged the same judgment Gulbrandson challenged in his first petition. His arguments to the contrary fail to meet his burden of showing he is entitled to reconsideration.

Accordingly,

**IT IS HEREBY ORDERED denying** Gulbrandson's Motion to Alter or Amend. (Doc. 10.)

Dated this 29th day of April, 2022.

Douglas L. Rayes
United States District Judge